UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

```
CHRISTY L. SLOGER,              )
                                )
          Plaintiff,            )
     vs.                        ) NO. 1:12-cv-01010-MJD-TWP
                                )
ROBERT DEAN BASS,               )
ELIZABETH BRAY BASS,            )
                                )
          Defendants.           )
```

ORDER ON MOTION TO CONSOLIDATE CASES

This matter comes before the Court on the motion of Defendants Robert Bass and Elizabeth Bass (collectively, the "Basses") to consolidate this matter with the matter of *Hastings Mutual Insurance Co. v. Bass et al.*, 1:12-cv-1403-TWP-MJD (the "Hastings Mutual Matter") also pending in the Southern District of Indiana pursuant to Rule 42 of the Federal Rules of Civil Procedure . [Dkt. 13.]  For the reasons set forth below, the Basses motion will be **DENIED**.

Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may:  (a) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  Fed. R. Civ. P. 42(a).  This case involves claims the Basses were negligent in failing to control their dog, which allegedly attacked Plaintiff Christy Sloger, resulting in personal injuries to Ms. Sloger.

[Dkt. 1 at 2-3.]  The parties in this matter requested a jury trial.  [Dkt. 16 at 4.]  The Hastings Mutual Matter is a declaratory judgment action in which Hastings Mutual claims that the insurance policy it issued to the Basses was rescinded and rendered void as a result of misrepresentations made by the Basses in their application for that policy.  [1:12-cv-1403-TWP-MJD at Dkt. 1 pp. 4-6.]  The parties in the Hastings Mutual Matter requested a trial to the court.  [1:12-cv-1403-TWP-MJD at Dkt. 27 p. 8.]

While this matter and the Hastings Mutual Matter may involve some very limited overlapping facts, such overlap, if it exists at all, is very limited and tangential to the focus of the separate lawsuits.  There appear to be no common questions of law between the two lawsuits.  The two actions are fundamentally different and are properly maintained as two separate lawsuits.  The Court has already taken steps to avoid unnecessary cost or delay by assigning the undersigned to oversee discovery in both cases.  That effort, along with the fact that the same counsel are involved in both actions, should operate to avoid any unnecessary cost or delay which might result from the separate litigation of these two matters.  The consolidation or other combination of the two matters would only serve to further confuse what are clearly two separate legal actions.  Accordingly, the Basses' motion to consolidate is **DENIED**.

So Ordered.

Dated: 01/08/2013

Distribution:
All Electronically Registered Counsel

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana